IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, TDCJ #2019190, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0261 |
| STATE OF TEXAS, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER
## IMPOSING SANCTIONS

Michael Geoffrey Peters (TDCJ #2019190) is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Peters has filed a complaint entitled "Malfeasance of Appeal" along with a motion to compel the Texas Court of Criminal Appeals to adjudicate his application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. After reviewing all of the pleadings, and the applicable law, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

**I.    DISCUSSION**

According to the pleadings, Peters filed an application for a state writ of habeas corpus under Article 11.07, seeking relief in state court from a conviction entered against him in Montgomery County. Arguing that the proceedings against him were

tainted by corruption and civil rights violations, Peters requests a federal investigation into the criminal conspiracy that has resulted in his wrongful imprisonment. To the extent that Peters seeks to initiate criminal charges against Texas state officials and individuals who were involved in his prosecution, there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. Importantly, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted). Accordingly, his complaint is frivolous.

Peters has also filed a motion for a court order to compel the Texas Court of Criminal Appeals to adjudicate his pending habeas corpus application. To the extent that Peters seeks a writ of mandamus, his request is governed by 28 U.S.C. § 1361. This statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or

any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court has no power to issue federal writs of mandamus to direct state officials in the performance of their duties. *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Accordingly, Peters's motion to compel must be denied.

## II. SANCTIONS

A national case index reflects that Peters has filed more than 35 cases in federal court since 2015, most of them in the Southern District of Texas, and that he has accumulated numerous strikes against him for filing frivolous, malicious lawsuits. *See Peters v. State of Texas*, Civil No. H-17-2270 (S.D. Tex. July 27, 2017) (listing strikes and characterizing his filings as abusive). As a result of his persistent abuse of judicial resources, Peters was warned previously that he would face sanctions, including monetary penalties, if he continued to file frivolous, repetitive complaints. *See id.* Review of court records reflects that the complaint in this case is part of a pattern of repetitive lawsuits filed by Mr. Peters concerning his state court conviction. Because Peters has failed to heed the warning issued previously against him in Civil No. H-17-2270, the Court concludes that monetary sanctions in the amount of the filing fee for a civil action ($400.00) are appropriate in this case.

### III.  CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The motion to compel [Doc. # 4] filed by Plaintiff Michael Geoffrey Peters is **DENIED**.

2. The petition or complaint for a writ of mandamus [Doc. # 1] is **DENIED** and this case is **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

3. Peters is **SANCTIONED** in the amount of $400.00 for his repeated abuse of judicial resources. Prison officials are directed to withdraw this amount from the inmate trust fund belonging to Michael Geoffrey Peters (TDCJ #2019190) and deliver them to the Clerk of Court when funds are available

4. Peters is further **WARNED** that he will be subject to additional sanctions, including additional monetary penalties and limitations on his ability to file lawsuits in federal court, if he continues to abuse judicial resources by filing repetitive, frivolous complaints and pleadings.

The Clerk shall provide a copy of this order to the plaintiff and **to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas,**

**78711, Fax: 512-936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and (3) the Texas Three-Strikes List at Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas, on <u>January 31</u>, 2018.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE